**The TRAVELERS INDEMNITY COMPANY, Plaintiff,**

v.

**The HANOVER INSURANCE COMPANY, and Cellar Door Concerts, Inc., Defendants.**

**Civ. A. No. 78–555–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

May 11, 1979.

Glen A. Huff, Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., for plaintiff.

William M. Harris, Taylor, Gustin, Harris, Fears & Davis, P. C., Norfolk, Va., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on the motion of Travelers Indemnity Company for summary judgment against the defendants, The Hanover Insurance Company and Cellar Door Concerts, Inc., and on the motion of The Hanover Insurance Company and Cellar Door Concerts, Inc., for summary judgment in their favor.

The City of Norfolk, Virginia, owns and operates an auditorium facility known as Scope and leased Scope to Cellar Door Concerts, Inc., for the purpose of presenting a concert by a musical group, Loggins & Messina, on the evening of April 17, 1976. The concert was open to the public and an admission fee was charged to those attending the concert. The Loggins & Messina concert was promoted and arranged by Cellar Door Concerts, Inc. During the course of the concert, an invitee attending the concert sustained fatal injuries as a result of a fall within the Scope auditorium. As a result of those fatal injuries, the administratrix of the estate of the deceased filed suit in the Circuit Court of the City of Norfolk, Virginia, against the City of Norfolk, Virginia, the architects who were alleged to have designed Scope, the contractor who built Scope, and Cellar Door Concerts, Inc. The Court has been furnished with a copy of the Motion for Judgment which is designated as Exhibit 6 in Travelers' Pretrial Brief. The Travelers Indemnity Company insured the City of Norfolk for liability against claims for personal injuries arising out of its ownership and operation of Scope. The Hanover Insurance Company had in effect at the time of the death a liability policy on Cellar Door Concerts, Inc., with an endorsement issued specifically for the occasion naming the City of Norfolk as an additional insured. The extent and character of the endorsement will be discussed later.

After the institution of the suit in the state court, the City of Norfolk called upon The Hanover Insurance Company to assume the defense of the City of Norfolk but Hanover refused the defense and denied that it owed coverage under the allegations of the Motion for Judgment and under the circumstances of that case.

Before the trial of the state death by wrongful act action, The Travelers Indemnity Company participated in a settlement

with the administratrix in which the suit for wrongful death was settled for $140,-106.00. Neither Hanover nor its insured, Cellar Door Concerts, Inc., made any contribution to that settlement. The Travelers in this action seeks to recover from The Hanover Insurance Company the amount which Travelers contributed, on behalf of the City of Norfolk, to the settlement with the administratrix.

The Court has for consideration the agreement between the City of Norfolk and Cellar Door Concerts, Inc., and the endorsement issued by Hanover to its policy naming the City of Norfolk an additional insured. The Court also has the Motion for Judgment filed in the Circuit Court of the City of Norfolk.

By agreement of counsel at a conference called by the Court, the Court will act on Travelers' Motion for Summary Judgment against Hanover and will determine the liability of The Hanover Insurance Company to The Travelers Indemnity Company for The Travelers' payment to the administratrix of the deceased's estate, which payments were made by Travelers on behalf of the City of Norfolk and Scope. The Court will also consider Hanover's liability for Travelers' costs in defending the City of Norfolk. The Court will not decide whether Cellar Door has any obligation to the City of Norfolk or its alleged assignee, The Travelers Indemnity Company, as an alleged joint tort feasor under Virginia Code Section 8.01–34. The decision of the Court today does not absolve The Hanover Insurance Company from any obligation which it has as the indemnitor of Cellar Door Concerts, Inc., but only goes to the issue of whether Hanover was an indemnitor of the City of Norfolk and whether it owed Norfolk a defense in the state court.

The lease between the City of Norfolk and Cellar Door Concerts, Inc., entered into on March 2, 1976, provides that Cellar Door would hold harmless the City of Norfolk against any claims of persons for personal injury or property damage occasioned by the negligence of Cellar Door in connection with the use of the premises by Cellar Door.

It further provided that Cellar Door would insure its obligation under this provision of the lease and furnish a certificate thereof. Pursuant to that obligation, Hanover as the insurer of Cellar Door, issued a certificate of insurance containing the following language:

The City of Norfolk is included as an additional insured as respects the activities of the named insured in connection with the concert featuring Loggins & Messina April 17, 1976, at Norfolk Scope —Norfolk, Virginia.

It is the foregoing provision of the lease and the foregoing certificate of insurance on which Travelers, as assignee of the City of Norfolk, bases its claim. It claims that Scope and the City of Norfolk became an additional insured covering Norfolk for the unfortunate occurrence resulting in the death of a spectator at the concert. The Court disagrees.

Cellar Door in the lease agreement only agreed to indemnify and hold harmless the City of Norfolk for any claims made against the City of Norfolk *occasioned by the negligence of Cellar Door* in connection with the use of the premises for the concert. The Certificate of Insurance issued by The Hanover Insurance Company pursuant to the provisions in the lease provides that Hanover insured the City of Norfolk "as respects the activities" of Cellar Door in connection with the concert.

It is clear to the Court from the language of the lease and the language of the policy that the City of Norfolk was only insured by Hanover for any obligations of the City of Norfolk arising out of the negligence of Cellar Door and the Court so finds.

Travelers' claim is based also upon the failure of Hanover to defend. Hanover's policy provides two separate coverages: Contractual Liability Insurance and Comprehensive General Liability Insurance. While the language in each coverage is somewhat different, in both instances it is clearly stated that the company will pay such sums as the insured is obligated to pay for damages resulting from personal injury *to which the insurance applies.* Further,

the policy provides that the company has the duty to defend any suit seeking damages on account of "such bodily injury." The word "such" refers to a personal injury "to which the policy applies." In respect to both coverages of the Hanover's policy, the company has an obligation to defend only suits which allege personal injury (or property damage) arising from an insured risk. *London Guarantee v. C. B. White,* 188 Va. 195, 49 S.E.2d 254 (1948). It is, therefore, necessary for the Court to look to the Motion for Judgment filed in the administratrix's suit against the City of Norfolk to see if its allegations against the City and Scope would invoke Hanover's coverage.

It is plain that the lease agreement provided that Cellar Door would indemnify and hold harmless the City of Norfolk only insofar as the City of Norfolk's liability derived from the negligence of Cellar Door. It is plain that the certificate of insurance furnished by Hanover to the City of Norfolk only insured Norfolk as respects the activities of the named insured, Cellar Door, in connection with the concert. The Court finds from the language of both of these instruments that Hanover was only to insure the City of Norfolk insofar as the City's liability was derived from an act of Cellar Door.

The Court has carefully reviewed the Motion for Judgment in the State court and while there are allegations of negligence against the City of Norfolk for its own acts or omissions and there are allegations of negligence against Cellar Door for its acts and omissions, there are no allegations that the City of Norfolk was obligated to the plaintiff administratrix as a result of any act of negligence of Cellar Door Concerts, Inc. The Court, therefore, finds that the allegations of the Motion for Judgment in the death by wrongful act action did not come within the purview of the risks assumed by Hanover in its limited certificate of insurance issued to the City of Norfolk. Therefore, the Court GRANTS the motion of Hanover for summary judgment on the claim that it is indebted to Travelers, as assignee of the City of Norfolk, which indebtedness was based upon a duty of Hano-

ver to defend or indemnify the City of Norfolk in the action for the death of the spectator. The Court DENIES the motion of Travelers for summary judgment against Hanover.

Liberally construed, the complaint in this case could be interpreted to be a claim by Travelers, as assignee of the City of Norfolk, for contribution under the Virginia Contribution Among Joint Tort Feasors Act. § 8.01–34 of the 1950 Code of Virginia. In the event that Travelers elects to pursue that theory against Cellar Door, then Hanover may have an obligation to defend and indemnify Cellar Door. The Court specifically does not decide any issue based on the theory of contribution among joint tort feasors nor does it adjudicate the rights and obligations between Hanover and Cellar Door in respect to any possible claim for contribution.

Plaintiff is to notify the Court within one week if it intends to claim under this suit contribution against Cellar Door and if so, whether it intends to amend its complaint.